UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**BRIAN MARTIN and SARAH MARTIN**,

                Plaintiffs,

                                          No. 2:13-cv-13816
vs.                                      Hon. Gerald E. Rosen

**BANK OF AMERICA, N.A.,** SUCCESSOR
BY MERGER TO BAC HOME LOANS
SERVICING, L.P., FKA
COUNTRYWIDE HOME LOANS
SERVICING L.P., **AND TAYLOR,
BEAN & WHITAKER MORTGAGE
CORP.,**

                Defendants,
_____/

**OPINION AND ORDER GRANTING
DEFENDANTS' MOTION TO DISMISS**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on April 10, 2014

        PRESENT:        Honorable Gerald E. Rosen
                                 United States District Chief Judge

## I. **INTRODUCTION**

This mortgage foreclosure case is presently before the Court on Motion to Dismiss

Plaintiffs' Second Amended Complaint filed by Defendants Bank of America, N.A.

("BANA") and Taylor, Bean & Whitaker Mortgage Corp. ("Taylor Bean"). Plaintiffs

Brian and Sarah Martin, through counsel, responded to Defendants' Motion, and

Defendants have replied. The Court reviewed and considered the parties' briefs and

supporting exhibits and has determined that these materials sufficiently address the

pertinent allegations and legal arguments and that oral argument would not assist in the

resolution of this motion.  Therefore, the Court will decide Plaintiffs' motion "on the

briefs."  See L.R. 7.1(f)(2).  This Opinion and Order sets forth the Court's ruling.

## II. FACTUAL BACKGROUND

On December 31, 2008, Plaintiffs Brian and Sarah Martin entered into a mortgage

loan transaction (the "Loan") with Taylor Bean, to borrow $129,474.00.  The Loan was

evidenced by a promissory note (the "Note") executed by the Plaintiffs, which was

secured by a mortgage (the "Mortgage") on their residential property located at 1184

Pinetree Drive, Trenton, Michigan 48183.   Mortgage Electronic Systems, Inc.

("MERS") was named as the Mortgagee, as nominee for Taylor Bean and Taylor Bean's

successors and assigns.  MERS was also granted the Power of Sale.  On January 26,

2009, the Mortgage was recorded at Liber 47678, Pages 1151-1158, Wayne County

Records.  [*See* Defendants' Ex. 2].  On October 28, 2011, MERS assigned the Mortgage

to BANA, successor by merger to BAC Home Loans Servicing, LP f/k/a Countrywide

Home Loans Servicing, LP.  The Assignment of Mortgage was recorded on November

15, 2011 with the Wayne County Register of Deeds, Liber 49467, Page 1374.  [*See*

Defendants' Ex. 3].

Thereafter, Plaintiffs defaulted on their mortgage payment obligations.  On May 3,

2012, Plaintiff Brian Martin was sent a notice pursuant to M.C.L. § 600.3205a ("3205a

Notice") regarding the Mortgage default.  [*See* Defendants' Ex. 4].  The *Detroit Legal*

*News* published notices of the foreclosure of Plaintiffs' property on June 8, 16, 22, and

29, 2012.  [*See* Defendants' Ex. 5].    The sale was scheduled for July 12, 2012.  Notice

of the sale was also posted on the front door of the property.  [*See* Defendants' Ex. 7].

The sale of the property was subsequently adjourned from July 12, 2012 until November

8, 2012.  [*See* Defendants' Ex. 8]. The Sheriff's Sale occurred on November 8, 2012.

BANA purchased the property at the Sheriff's Sale for $157,838.05.  [*See* Defendants'

Ex. 9].  As noted on the Sheriff's Affidavit, the six-month redemption period provided

under M.C.L. § 600.3240(8) would end on May 8, 2013.  [*See* Defendants' Ex. 10].

Plaintiffs did not attempt to redeem the property.  After the redemption period had

expired, on May 28, 2013, Defendants filed a Complaint to Recover Possession of

Property ("Summary Proceedings") in the 33rd District Court in Woodhaven, Michigan.

[*See* Defendants' Ex. 11].  Plaintiffs filed their Answer, Affirmative Defenses and a

Counterclaim against Defendants on June 12, 2013.  The parties entered into an agreed

order to sever the Summary Proceedings from the Counterclaim.  The Counterclaim was

then transferred to the Wayne County Circuit Court.  On September 6, 2013, Defendants

removed the Counterclaim to this Court.

Following removal, on November 26, 2013, Plaintiffs filed their First Amended

Complaint.  On December 31, 2013, Defendants filed a Motion to Dismiss the First

Amended Complaint.  Plaintiffs then filed a Second Amended Complaint on January 20,

2014.  On February 3, 2014, Defendants filed the instant Motion to Dismiss Second

Amended Complaint.

### III. DISCUSSION

**A.   APPLICABLE STANDARDS**

Fed. R. Civ. P. 12(b)(6) authorizes the Court to dismiss a complaint if it "fail[s] to state a claim upon which relief can be granted . . . ." In deciding a motion brought under Rule 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff and accept all well-pled factual allegations as true. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). Yet "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." ) (internal quotation marks, alterations, and citations omitted). Thus, to withstand a motion to dismiss, the complaint's factual allegations, accepted as true, "must be enough to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663.

Applying the foregoing standards, the Court concludes that Defendants' Motion to Dismiss should be granted.

**B.      PLAINTIFFS CANNOT OBTAIN THE RELIEF THEY SEEK IN THIS ACTION**

**1. Plaintiffs Lack Standing to Challenge the Foreclosure Proceedings**

Defendants assert that Plaintiffs lack standing to challenge the foreclosure proceeding and foreclosure sale.  The Court agrees.

Under Michigan constitutional jurisprudence, a party asserting the violation of a statute may have constitutional standing to assert a claim yet lack *statutory* standing to do so.  "That is, a party that has constitutional standing may be precluded from enforcing a statutory provision, if the Legislature so provides."  *Miller, supra*, 481 Mich. at 607.  To determine if statutory standing exists, the question must be asked whether the Legislature "has accorded this injured plaintiff the right to sue the defendant to redress his injury." *Id.* (citation omitted).  This inquiry "simply [entails] statutory interpretation." *Id.*

Non-judicial foreclosures, or foreclosures-by-advertisement, are governed by statute under Michigan law.  *See* M.C.L. § 600.3204 *et seq; see also Senters v. Ottawa Sav. Bank, FSB*, 443 Mich. 45,50, 503 N.W.2d 639, 641 (1993). . While the statutory scheme provides certain steps that the mortgagee must go through to validly foreclose, *id.,* it also controls the rights of both the mortgagee and the mortgagor once the sale is completed.  *Senters*, 443 Mich. at 50.  In relevant part, the statute provides the mortgagor six months after the sheriff's sale in which to redeem the property.  M.C.L. § 600.3204(8). Once the redemption period following the foreclosure of a property expired,

a plaintiff's rights in, and title to, the property are extinguished, and he loses all standing to bring claims with respect to the property. This principle is well established in Michigan law.

In *Piotrowski v. State Land Office Board*, 302 Mich. 179, 4 N.W.2d 514 (1942), the Michigan Supreme Court held that the mortgagors in that case had "lost all their rights, title, and interest in and to the property at the expiration of their right of redemption." *Id*. 302 Mich. at 185, 4 N.W.2d at 516. The *Piotrowski* standard has been consistently applied by Michigan state and federal courts to bar former owners from making any claims with respect to foreclosed property after the end of the redemption period. *See e.g., Conlin v. Mortgage Electronic Registration Systems, Inc.*, 14 F.3d 355 (6th Cir. 2013); *Stein v. U.S. Bancorp*, 2011 WL 740537 (E.D.Mich. Feb.24, 2011); *Overton v. Mortg. Elec. Registration Sys*., 2009 WL 1507342 (Mich.App. May 28, 2009) (dismissing former owner's claim of fraud where redemption period had expired); *Kama v. Wells Fargo Bank*, 2010 WL 4386974, *2 (E.D.Mich., Oct.29, 2010) (dismissing plaintiff's claims for violation of the foreclosure statute, to quiet title and for promissory estoppel because redemption period had expired); *Moriarty v. BNC Mortg., Inc*., 2010 WL 5173830 (E.D.Mich. Dec.15, 2010) (dismissing action seeking a declaratory judgment voiding foreclosure proceedings).

Here, the redemption period expired on May 8, 2013.  Plaintiffs have not indicated that they timely attempted to redeem the property.  Since Plaintiffs failed to timely redeem the property, BANA became vested with "all right, title and interest" in the property by operation of law.  At that point, Plaintiffs, the former owners, lost standing to

assert claims with respect to the property. *Overton v Mortgage Electronic Registration Sys., Inc.,* 2009 WL 1507342 (Mich.App. May 28, 2009); *Kama v. Wells Fargo Bank,* 2010 WL 4386974, *2 (E.D.Mich., Oct. 29, 2010).

Thus, once the redemption period expired on May 8, 2013, Plaintiffs lost standing to maintain a quiet title action or assert any defect in the foreclosure proceedings or foreclosure sale. Plaintiffs' lost standing includes the inability to challenge BANA's authority to foreclose as the mortgage-assignee. Plaintiffs assert that there is no record of the assignment from Taylor Bean to BANA, and that BANA did not have the authority to foreclose on Plaintiffs' property. However, since Plaintiffs lost standing to maintain the quiet title action or assert any defect in the foreclosure process, Plaintiffs do not have standing to challenge any of the assignments of the Mortgage.

Further, Plaintiffs were not parties to any of the assignments of the mortgage. In *Livonia Props. Holdings, LLC,* 399 Fed. Appx. 97, 102 (6th Cir. 2010), the Court held, "a litigant who is not a party to an assignment lacks standing to challenge that assignment." *Id.* Here, the assignment of mortgage was between Taylor Bean and BANA. [*See* Defendants' Ex. 3]. Plaintiffs were not parties to the assignment of mortgage. Therefore, Plaintiffs lack standing to challenge BANA's authority to foreclose on the property.

Moreover, Plaintiffs cannot toll the redemption period in this matter. Michigan law "does not allow an equitable extension of the period to redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by advertisement in the absence of a clear showing of fraud or irregularity." *Schulthies v. Barron,* 16 Mich.App. 246, 247-48, 167 N.W.2d 656 (2007). "A plaintiff-mortgagor must meet this 'high

standard' in order to have a foreclosure set aside after the lapse of the statutory

redemption period." *Conlin v. Mortgage Electronic Registration Sys., Inc.,* 714 F.3d 355,

359-60 (6th Cir. 2013).  In the instant case, the redemption period expired on May 8,

2013.  However, Plaintiffs did not file their Counter-Complaint in the 33rd District Court

of Michigan until June 12, 2013.

Plaintiffs have not made a "clear showing" of fraud or irregularity," thus no

equitable extension of the redemption period is permitted and Plaintiffs lack the

necessary standing to challenge the validity of the foreclosure.

### 2. Plaintiffs Fail to State a Claim of a M.C.L. § 3205(c) Violation

Plaintiffs' claim of a M.C.L. § 3205(c) violation is without merit.  Plaintiffs

entered into a series of negotiations with Defendant BANA or its predecessors regarding

a possible loan modification.  Defendant BANA rejected the loan modification.  Under

M.C.L. § 3205(c), Plaintiffs are not entitled to receive a loan modification.  In fact, "the

Michigan Legislature repealed the mortgage-modification statutes relied on by

plaintiffs….effective June 30, 2013."  *Hardwick v HSBC Bank, U.S.A., N.A., et al.,* No.

10-002469-CH, p. 2 (St. Clair Co. Circuit Court, Mich. July 23, 2013) (unpublished).

[*See* Defendants' Ex. 15].   Thus, the M.C.L. § 3205(c) issues raised by Plaintiffs in their

Complaint are now moot.

Moreover, Plaintiffs did not bring a M.C.L. § 3205(c) violation claim until after

the Sheriff's Sale occurred.  M.C.L. § 3205(c) does not give a borrower a cause of action

after the foreclosure process had concluded.  *Adams v. Wells Fargo Bank, N.A.,* No. 11-

10150, 2011 WL 3500990 (E.D. Mich. Aug. 10, 2011).  Here, since Plaintiffs did not file

this action until after the Sheriff's Sale concluded and the redemption period expired,

Plaintiffs do not have a claim for relief under M.C.L. § 3205(c).

### 3. Plaintiffs' Misrepresentation Claim Against Defendant BANA is Without Merit

Further, Plaintiffs' allegations of fraudulent misrepresentation by Defendant

BANA during the loan modification proceedings are without merit.  Plaintiffs do not

demonstrate the requirements for fraudulent misrepresentation under Michigan law.

Specifically, Plaintiffs must show that: 1. defendant made a material representation; 2.

the representation was false; 3. when defendant made the representation, defendant knew

it was false, or made it recklessly, without knowledge of its truth as a positive assertion;

4. defendant made the representation with the intention that plaintiff would act upon it; 5.

plaintiff acted in reliance upon it; and 6. plaintiff suffered damages." *Cummins v.*

*Robinson Twp.,* 283 Mich. App. 677, 695-696, 770 N.W.2d 421 (Mich. App. 2009).

Here, Plaintiffs fail to state any of the specifics regarding when Defendant BANA made a

material representation and whether Defendant BANA intended Plaintiffs to act upon the

representation.  Further, Plaintiffs fail to provide factual support for their conclusory

allegations regarding Defendant BANA's purported  misrepresentation.  Therefore,

Plaintiffs have failed to demonstrate material misrepresentation by Defendant BANA and

their claim of misrepresentation is without merit.

### 4. Plaintiffs Have Not Alleged a Violation of M.C.L. § 600.3220

Plaintiffs allege that Defendants violated M.C.L. § 600.3220 by failing to re-

publish the notice of foreclosure for the sale adjournment to November 8, 2012.

However, a mortgagor is not required to republish the notice of foreclosure sale when a sale is adjourned from week to week.  *Drew v. Kemp-Brooks,* 802 F. Supp. 2d 889, 895 (E.D. Mich. 2011).  Rather, the mortgagor is required to post the notice of adjournment "at the time of and at the place where the sale was to take place."  *Id.*  Here, Defendants complied with this requirement.  [*See* Defendants' Ex. 8 & Ex. 9].  Thus, Defendants complied with the requirements of M.C.L. § 600.3220.

### 5. Plaintiffs' Allegations of Conspiracy to Defraud are Without Merit

Plaintiffs' Complaint alleges conspiracy to defraud under a variety of state and federal statutes, including: the Fair Debt Collection Practices Act ("FDCPA") (15 U.S.C. § 1692, *et seq.*), the Fair Credit Reporting Act ("FCRA") (15 U.S.C. § 1681), and the Michigan Occupational Code ("MOC") (M.C.L. § 339.901).  Plaintiffs' Complaint also raises a civil conspiracy claim.   Upon review of these statutes' requirements and the requirements of civil conspiracy, the Court finds that Plaintiffs' allegations under each claim are without merit.

### i.  Plaintiffs' FDCPA Claim is Barred By the Statute of Limitations

The FDCPA requires that an action under this statute be brought within one year of the date of the violation.  15 U.S.C. § 1692k(d).  Here, Plaintiffs raised their FDCPA claim on September 6, 2013.  Defendants' purported FDCPA violation was for conduct that occurred on or before July 28, 2011.  Therefore, Plaintiffs' FDCPA claim is time-barred by the statute of limitations.

### ii.   Plaintiffs Have Failed to Demonstrate a Cause of Action Under the FCRA

For a valid FCRA claim, a plaintiff must demonstrate that they contacted the credit reporting agencies to dispute allegedly false information.  15 U.S.C. § 1681s-2(b).  Here, Plaintiffs do not allege that they contacted credit reporting agencies.  Thus, Plaintiffs' FCRA claim fails for lack of sufficient information.

### iii.  Plaintiffs Have Failed to Demonstrate a Cause of Action Under the MOC

The MOC defines a collection agency, as "a person directly or indirectly engaged in soliciting a claim for collection or collecting or attempting to collect a claim owed or due or asserted to be owed or due another, or repossessing or attempting to repossess a thing of value owed or due or asserted to be owed or due another arising out of an expressed or implied agreement."  M.C.L. § 339.901(b).  Under the MOC, collection agency does not include "a person whose collection activities are confined and are directly related to the operation of a business other than that of a collection agency…".  *Maraulo v. CitiMortgage, Inc.,* No. 12-CV-10250, 2013 U.S. Dist. LEXIS 17727, at *36-*37 (E.D. Mich. Feb. 11, 2013).  [*See* Defendants' Ex. 19].  In the instant case, Defendants are not collection agencies, and are therefore not subject to the MOC.  Accordingly, Plaintiffs' MOC claim is without merit.

### iv:  Plaintiffs Have Failed to Demonstrate a Civil Conspiracy Claim

A civil conspiracy claim may only be raised if it is a necessary element to prove a separate actionable tort.  *Meyer v. CitiMortgage, Inc.,* 2012 U.S. Dist. LEXIS 19548, at *15, citing *Advocacy Org. for Patients and Providers v. Auto Club Ins. Ass'n.,* 257 Mich. App. 365, 384, 670 N.W.2d 569 (2003) (internal quotations omitted).  [*See* Defendants'

Ex. 20].  Plaintiffs' Complaint does not raise a separate actionable tort.  Thus, Plaintiffs'

conspiracy claim is not applicable.  Furthermore, Plaintiffs fail to provide specific

allegations as to a existence of a conspiracy.  Specificity of the allegations is required for

a civil conspiracy claim.  *Id.*  Therefore, the Court dismisses Plaintiffs' claim for civil

conspiracy.

### 6. Plaintiffs Failed to State a Claim Under M.C.L. § 445.251

Plaintiffs' Complaint alleges that Defendant BANA violated M.C.L. § 445.251,

the Michigan Collection Practices Act ("MCPA"), by engaging in a pattern of fraudulent

activity.  However, Defendant BANA is an entity that is regulated by the Office of the

Comptroller of the Currency, and therefore, the MCPA does not apply to it.  *Muneio v.*

*Fed. Nat. Mortgage Ass'n*, 09-12973, 2010 WL 5146328 (E.D. Mich. Dec. 13, 2010); *See*

*also Newton,* 262 Mich.App. at 438, 686 N.W.2d 491; *Hanning v. Homecomings Fin.*

*Networks, Inc.,* 436 F.Supp.2d 865, 869 (W.D.Mich.2006).  Moreover,  the Plaintiffs'

MCPA claim fails because the MCPA does not apply to residential home mortgages.

*Jovanovic v. Bank of New York Mellon*, 13-11851, 2013 WL 4042613 (E.D. Mich. Aug.

9, 2013), citing *Pettiford v. J.P.Morgan Chase Bank, N.A.,* 12–11349, 2013 WL

3724788, at *5 (E.D.Mich. July 15, 2013).  Therefore, Plaintiffs have failed to state a

viable claim under M.C.L. § 445.251.

### CONCLUSION

For all of the foregoing reasons,

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss [**Dkt. #14**] is

GRANTED.  Accordingly,

IT IS FURTHER ORDERED that this case be, and hereby is, DISMISSED, in its

entirety, WITH PREJUDICE.[1]


Let Judgment be entered accordingly,


Dated:  April 10, 2014                              s/Gerald E. Rosen
                                                   GERALD E. ROSEN
                                                   CHIEF, U.S. DISTRICT COURT



I hereby certify that a copy of the foregoing document was mailed to the attorneys
of record on this date, April 10, 2014, by electronic and/or ordinary mail.

                                        s/Julie Owens
                                        Case Manager, 313-234-5135

---

[1]  It is this Court's general practice to provide plaintiffs with an opportunity
to amend their complaints when faced with a dismissal that is readily curable
because slight defects should not condemn an otherwise viable complaint.
This practice need not be followed here, however, because Plaintiffs have
already twice amended their Complaint and any further amendment would
be futile. *See, e.g., Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420-
21 (6th Cir. 2000).  Moreover, although Plaintiffs submitted a lengthy
response to Defendants' motion, they never requested an opportunity to
amend their Second Amended Complaint, nor did they hint at any additional
facts they would incorporate in any further amended complaint that would
cure their deficiencies.  Accordingly, this Court declines to provide Plaintiffs
with an opportunity to amend. *See, e.g., Winget v. JP Morgan Chase Bank,
N.A.*, 537 F.3d 565, 572 (6th Cir. 2008) ("The district court does not abuse its
discretion in failing to grant a party leave to amend where such leave is not
sought.") (internal quotation marks and citations omitted); *Lewis v. Wheatley*,
___ F. App'x ___, 2013 WL 2450634, at *3 (6th Cir. June 7, 2013) (amendment
is futile when, among other things, a plaintiff does not "provide[] any
additional factual allegations that [she] would submit in an amended
complaint").