UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN MARTIN and SARAH MARTIN,

                Plaintiffs,

vs.                                          No. 2:13-cv-13816
                                                 Hon. Gerald E. Rosen

BANK OF AMERICA, N.A., SUCCESSOR
BY MERGER TO BAC HOME LOANS
SERVICING, L.P., FKA
COUNTRYWIDE HOME LOANS
SERVICING L.P., AND TAYLOR,
BEAN & WHITAKER MORTGAGE
CORP.,

                Defendants.
_____/

ORDER DENYING PLAINTIFFS' MOTION
FOR RECONSIDERATION

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on May 15 2014

PRESENT: Honorable Gerald E. Rosen
United States District Chief Judge

I. INTRODUCTION

This matter is presently before the Court on the May 8, 2014 Motion to Reconsider brought by Plaintiffs Brian and Sarah Martin, through counsel, pursuant to Fed. R. Civ. P. 59(e) and 60(b). In this motion, Plaintiffs seek reconsideration of only one of the 11 claims addressed in the Court's April 10, 2014 Opinion and Order

1

dismissing Plaintiffs' Second Amended Complaint. Specifically, Plaintiffs seek reconsideration of the Court's ruling with respect to their claim under the Michigan Regulation of Collection Practices Act, M.C.L. § 445.251, *et seq.*

## II. DISCUSSION

As indicated, Plaintiffs bring this motion for reconsideration pursuant to Fed. R. Civ. P. 59(e) and 60(b), and not, pursuant to Eastern District of Michigan Local Rule 7.1(h), as it would customarily be brought. Presumably Plaintiffs elected this avenue because a motion under Rule 7.1(h) would be summarily denied as untimely.[1]

Fed. R. Civ. P. 59(e) may be used as a vehicle for seeking reconsideration of a court's prior ruling. "A motion to alter or reconsider a judgment is an extraordinary remedy and should be granted sparingly." *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995); *United States v. Limited, Inc.*, 179 F.R.D. 541, 547 (S.D. Ohio 1998) (*citing Sussman v. Salem, Saxon & Nielsen, P.A .*, 153 F.R.D. 689, 694 (M.D. Fla. 1994), *Pennsylvania Ins. Guar. Ass'n v. Trabosh*, 812 F. Supp. 522, 524 (E.D. Pa.1992)). Generally, there are three situations which may justify reconsideration under Rule 59(e): (1) to correct a clear error of law; (2) to account for newly discovered evidence; (3) to accommodate an intervening change in controlling

---

[1] Local Rule 7.1(h)(1) provides that "[a] motion for reconsideration must be filed within 14 days after entry of the judgment or order." *Id*. Plaintiffs' Motion was filed 28 days after entry of the Order and Judgment. By contrast, a motion to amend or alter judgment brought pursuant to Fed. R. Civ. P. 59(e) "must be filed no later than 28 days after entry of judgment." *Id*. And, a motion under Rule 60(b)(1) "must be made...no more than a year after the entry of the judgment or order." Fed. R. Civ. P. 60(c)(1).

law; or (4) to prevent manifest injustice. *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005); *see also GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). However, motions under Rule 59(e) "are not intended as a vehicle to relitigate previously considered issues; should not be utilized to submit evidence which could have been previously submitted in the exercise of reasonable diligence; and are not the proper vehicle to attempt to obtain a reversal of a judgment by offering the same arguments previously presented." *Kenneth Henes Special Projects Procurement v. Continental Biomass Industries, Inc.*, 86 F. Supp. 2d 721, 726 (E.D. Mich. 2000). To warrant the granting of a Rule 59(e) motion, the movant must not only demonstrate that the district court and the parties have been misled by a palpable defect; he must also demonstrate that correcting the defect will result in a different disposition of the case." *Hansmann v. Fidelity Invs. Inst'l Servs. Co.*, 326 F.3d 760, 767 (6th Cir. 2003) (emphasis added). The court should use its "informed discretion" in deciding whether to grant or deny a Rule 59(e) motion. *Thomas & Betts Corp. v. Hosea Project Movers, LLC*, 2005 WL 2777012 * 1 (W.D. Tenn. Oct. 24, 2005), citing *Huff v. Metro. Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982).

Application of Rule 60(b) is even more limited. Both the U.S. Supreme Court and the Sixth Circuit have repeatedly held that relief under Rule 60(b) is "extraordinary relief" to be granted only in exceptional circumstances. *Ackermann v. United States*, 340 U.S. 193, 202 (1950); *Mallory v. Eyrich*, 922 F.2d 1273, 1281 (6th Cir. 1991); *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989); *Pierce v. UMW*

*Welfare & Retirement Fund*, 770 F.2d 449, 451 (6th Cir. 1985), *cert. denied*, 474 U.S. 1104 (1986). Exceptional circumstances under Rule 60(b) means "unusual and extreme situations where principles of equity *mandate* relief." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990) (emphasis in original). A claim of simple legal error, unaccompanied by extraordinary or exceptional circumstances, is not cognizable under Rule 60(b). *Pierce v. UMW Welfare & Retirement Fund*, *supra*, 770 F.2d at 451.

In their Rule 59(e)/60(b)(1) motion in this case, Plaintiffs ask the Court to vacate its ruling in Section 6 of its April 10, 2014 Opinion and Order in which the Court determined that Plaintiffs failed to state a claim under M.C.L. § 445.251. Although the Plaintiffs correctly point out that in reaching its conclusion the Court mistakenly referred to the law governing the Michigan Consumer Protection Act rather than the Michigan Collection Practices Act -- and hence, arguably have demonstrated a palpable defect by which the Court and the parties have been misled -- they cannot show that a correction of this defect requires in a different disposition of the case.

The Michigan Collection Practices Act is violated by a "regulated person" who, among other things, "mak[es] an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt." M.C.L. § 445.252(e). "A state or federally chartered bank when collecting its own claim" is a "regulated person" under the Act. M.C.L. § 445.251(g)(ii).

Plaintiffs claim that BANA violated the Michigan Collection Practices Act "by

entering into a continuing pattern of fraudulent activity as evidenced by the following acts":

12/07/2011 -- Bank of America Home Loans, P.O. Box 5170, Simi Valley, CA 93062 sent a letter to Brian Martin at 1844 Pinetree, Trenton, MI, Bank Loan number: 22641010 showing that their records at $5,889.50 was past due - no remarks are made that the loan was, in fact, in default

12/12/2011 -- Martins forward a Loan modification package to Bank of America

2012

07/19/2012 -- Bank of America, N A, 5401 North Beech Street, Fort Worth, Texas 76137 sent a rejection of loan modification as being an incomplete package.

07/27/2012 -- Martins received a communication from Bank of America Home Loans, 4500 Amon Carter Blvd., Forth Worth, Texas 76155

07/27/2012 -- Bank of America Home Loans, 4500 Amon Carter Blvd., Forth Worth, Texas 76155, Account No: 22641010 and acknowledges recent inquiry by the Martin's as to a home loan - it was a checklist

09/21/2012 -- Bank of America Home Loans forwards an Escrow Statement to the Martin's from Customer Service, P.O. Box 5170, Simi Valley, CA 93062 as to account 022641010

09/21/2012 -- Martins received from Bank of America, Customer Service, P.O. 5170, Simi Valley, CA 93062 - escrow amounts to be adjusted

10/26/2012 -- Martins received a communication from one Mario Santos from Bank of America Home Loans, P.O. Box 941852, Simi Valley, CA 93094

10/29/2012 -- Bank of America, 400 National Way, Simi Valley, CA 93062 forwards remarks regarding receipt of loan documents.

1/29/2012 -- Request for a loan modification was denied - work out

> assistance you requested is not an option from Bank of America at 5401 North Beech Street, Fort Worth, Texas 76137

[Plaintiffs' Second Amended Complaint, ¶ 65]

Although Plaintiffs identify by date the communications upon which they base their claim, nowhere in their Second Amended Complaint do Plaintiffs identify the particular statements contained in these communications that are "inaccurate, misleading, untrue, or deceptive" so as to make out a facially plausible claim to relief under the Michigan Collection Practices Act. As the Court made clear in its April 10, 2014 Opinion and Order,

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.

*Martin v. Bank of America, N.A.*, 2014 WL 1400109 at * 2 (E.D. Mich. Apr. 14, 2014) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)).

Thus, to withstand a motion to dismiss, the complaint's factual allegations, accepted as true, "must be enough to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Id.*, 550 U.S. at 555. "'A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Martin*, 2014 WL 1400109 at * 2 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 663, 129 S.Ct. 1937 (2009)). The allegations in Plaintiffs' Second Amended Complaint upon which they base

their claim of violation of the Michigan Collection Practices Act fail to meet these standards.

## CONCLUSION

Because the allegations in Plaintiffs Second Amended Complaint fail to raise a right to relief under the Michigan Collection Practices Act beyond a speculative level and fail to state a claim to relief that is plausible on its face, the Court concludes that Plaintiffs have failed to demonstrate that a correction of the defect noted in the April 10, 2014 will result in a different disposition of the case. Therefore, the Rule 59(e)/Rule 60(b)(1) relief requested by Plaintiffs is not warranted.

Therefore,

IT IS HEREBY ORDERED that Plaintiffs' May 8, 2014 Motion to Reconsider **[Dkt. #22]** is DENIED.

                                                       s/Gerald E. Rosen
                                                       Chief Judge, United States District Court

Dated: May 15, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 15, 2014, by electronic and/or ordinary mail.

                                                       s/Julie Owens
                                                       Case Manager, (313) 234-5135